**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY DARNELL CRAYTON, TRUSTEE,
CRAYTON ADMINISTRATIVE TRUST

       Plaintiff,

       v.

HOLLY L. TEETER and GWYNNE E. BIRZER,
in their individual capacities,

       Defendants.

Case No. 26-1104-EFM-BGS

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL OF COMPLAINT**

Plaintiff Larry Crayton, trustee of Crayton Administrative Trust, filed this action pro se[1]. In conjunction with his complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees (Doc. 3), seeking leave to proceed in forma pauperis ("IFP"). After reviewing the complaint, however, the Court **recommends** that the District Judge **dismiss** Plaintiff's claims against Defendants.

## I.    Standard of Review for IFP Complaints

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992). *Sua sponte* dismissal under §

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

1915(e) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In evaluating whether dismissal is appropriate, the Court applies the same standard used for motions under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To survive screening, the complaint must contain sufficient factual matter to state a claim that is plausible on its face; conclusory allegations are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007). Although a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims asserted so that a defendant may reasonably respond. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002). Because Plaintiff proceeds pro se, the Court construes his filings liberally, but he must still allege sufficient facts to support a recognized legal claim. *Hall*, 935 F.2d at 1110.

The Court also has an independent obligation to ensure it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

## II.    Plaintiff's Claims and Factual Allegations

The following facts come from Plaintiff's complaint. *See generally* Doc. 1. For § 1915 screening purposes, the Court accepts the Plaintiff's allegations as true and construes all reasonable

inferences drawn from those allegations in the light most favorable to the Plaintiff. *See Kay*, 500 F.3d at 1217–18.

Plaintiff Larry Crayton, proceeding pro se as trustee of the Crayton Administrative Trust, brings this action against United States District Judge Holly Teeter and United States Magistrate Judge Gwynne Birzer. This is a *Bivens* action alleging violations of constitutional rights arising from judicial actions taken in prior federal cases filed in this District.

The case stems from Plaintiff's dissatisfaction with rulings entered in several earlier actions.[2] Plaintiff alleges that, in one such case, Judge Teeter issued an order to show cause and later dismissed the action with prejudice without adequately addressing his arguments. Plaintiff further alleges that, across multiple cases, both Defendants applied improper legal standards, ignored filings, and issued rulings using "boilerplate" language. Plaintiff contends these actions violated his rights to due process and equal protection and were motivated by discriminatory intent.

More broadly, Plaintiff asserts that Defendants engaged in a "pattern" of conduct across at least four federal cases. According to the complaint, this alleged pattern includes assigning or handling Plaintiff's cases in a discriminatory manner, applying different legal standards to Plaintiff than to other litigants, and failing to construe his pro se filings liberally. Plaintiff characterizes these actions as "administrative" or non-judicial conduct and alleges that Defendants acted in the complete absence of jurisdiction. The complaint also challenges specific actions taken by Magistrate Judge Birzer, including rulings on motions, case management decisions, and conducting a show cause hearing without adequate notice. Plaintiff alleges these actions violated his constitutional rights.

Based on these allegations, Plaintiff asserts two claims under *Bivens*—one against each

---

[2] Plaintiff has filed multiple actions in this District in recent years, including *Crayton v. Bank of America*, No. 24-1207 (D. Kan.); *Crayton v. LVNV Funding LLC*, No. 25-1061 (D. Kan.); and *Crayton v. The Boeing Company*, No. 26-1013 (D. Kan.). The Complaint appears to reference rulings entered in these cases.

Defendant.  As to Defendant Teeter, Plaintiff alleges violations of the Fifth and Fourteenth Amendments' Due Process and Equal Protection Clauses.  As to Defendant Birzer, Plaintiff alleges violations of the Fifth Amendment's Due Process and Equal Protection components.  Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

## III.    Analysis

Plaintiff's complaint cannot proceed for several reasons.  First, to the extent Plaintiff seeks to challenge rulings entered in his prior federal cases, those claims constitute an improper collateral attack and are not cognizable in this action.  Second, Plaintiff's remaining claims, which seek damages against Defendants for actions taken while adjudicating those cases, are barred by absolute judicial immunity.  The Court addresses each issue in turn.[3]

### A.  Subject-Matter Jurisdiction

At bottom, much of Plaintiff's complaint reflects disagreement with rulings entered in his prior federal cases.  That type of challenge cannot proceed through a separate civil action.  "This court lacks authority to hear a challenge to another federal judge's rulings and, as a result, lacks subject-matter jurisdiction to hear plaintiff's claims."  *Wenger v. Severson*, No. 24-1190-DDC-GEB, 2025 WL 2576953, at *4 (D. Kan. Sept. 5, 2025) (internal quotations omitted).  *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (explaining that challenges to judicial orders must proceed through the ordinary appellate process, not through separate actions seeking to undermine those

---

[3] Plaintiff brings this action in the name of the "Crayton Administrative Trust," identifying himself as trustee and proceeding pro se.  Under 28 U.S.C. § 1654, a litigant may appear personally in federal court, but that right does not extend to artificial entities, which must be represented by licensed counsel.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).  Trusts fall within this rule.  *See In re Wilson*, 860 F. App'x 147, 150 (10th Cir. 2021); *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016).  Although some courts recognize a narrow exception where a trustee is the sole beneficiary and real party in interest, the complaint does not allege facts establishing that exception applies here.  Because the Court concludes the action is subject to dismissal on other grounds, it does not resolve at this time whether Plaintiff may proceed on behalf of the trust.  If any claim survives screening, the Court will revisit whether this action may proceed in its current form.

rulings). Consistent with that principle, a litigant may not use a new lawsuit to revisit or obtain relief from decisions entered in earlier proceedings. Instead, the proper avenues for relief include motions for reconsideration, objections to a magistrate judge's order, or appeal. *See*, e.g., 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

Here, Plaintiff's allegations repeatedly target actions taken in prior cases, such as the issuance of orders, the dismissal of claims, and rulings on motions, and assert that those decisions were legally erroneous. To the extent Plaintiff seeks to challenge the correctness of those rulings or obtain relief from them, this action is an improper collateral attack and cannot proceed on that basis. As Judge Crabtree recently explained in a closely analogous case, a litigant may not use a separate lawsuit to revisit judicial decisions entered in earlier proceedings; disagreements with such rulings must be pursued through the ordinary appellate process. *Wenger*, 2025 WL 2576953, at *4. The same is true here. Plaintiff's claims, at least in part, attempt to relitigate issues already decided in prior cases by recasting them as constitutional violations. But repackaging dissatisfaction with judicial rulings as a civil rights claim does not transform those challenges into a cognizable cause of action.

That said, Plaintiff's complaint goes further than merely seeking review of prior rulings. He also attempts to characterize Defendants' conduct as unconstitutional or otherwise actionable in damages. Such allegations may be construed as asserting claims beyond a request for a second opinion on earlier decisions. *Id.* The Court therefore does not treat the complaint as solely a collateral challenge to prior rulings. Instead, to the extent Plaintiff asserts claims independent of a direct challenge to those decisions, the Court addresses those allegations below.

To the extent Plaintiff seeks to revisit or obtain relief from rulings entered in his prior federal cases, however, the undersigned **recommends** that those claims be **dismissed without prejudice** for lack of subject-matter jurisdiction.

5

### B.  Judicial Immunity

The Court next turns to Plaintiff's remaining claims—those not constituting an improper collateral attack—and concludes they are barred by absolute judicial immunity.[4]  Both Defendants are entitled to absolute judicial immunity from Plaintiff's claims for damages.  "Absolute judicial immunity 'bars suits for money damages for acts made in the exercise of … judicial discretion.'"  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)).  This immunity applies to "judicial acts."  *Id.*  To be sure, judicial immunity is not without limits.  A judge is not immune for (1) nonjudicial actions, or (2) judicial actions taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  But Plaintiff has not plausibly alleged either circumstance here.

### 1.  Judicial Acts

Determining whether an act is "judicial" requires examining the nature of the act and whether it is one normally performed by a judge.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Where a judge's alleged conduct arises from presiding over litigation, those actions are judicial in nature and protected by absolute immunity.  *Andrews*, 483 F.3d at 1076.

Here, all of Plaintiff's allegations concern actions taken by Defendants in the course of adjudicating his prior cases, such as issuing orders, ruling on motions, managing proceedings, and dismissing claims.  These are core judicial functions.  Plaintiff does not allege that either Defendant engaged in conduct outside the context of those proceedings.  Plaintiff attempts to avoid this conclusion by characterizing Defendants' actions as "administrative," "boilerplate," or otherwise improper.  But such labels do not alter the nature of the conduct alleged.  Because the challenged

---

[4] To the extent Plaintiff asserts claims under the Fourteenth Amendment, those claims fail as a matter of law. The Fourteenth Amendment applies to state actors, not federal officials.  *See Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).  Because Defendants are federal judicial officers, any constitutional claims must arise, if at all, under the Fifth Amendment.  Plaintiff's Fourteenth Amendment claims are therefore subject to dismissal, and the undersigned recommends that those claims be dismissed.

actions are those "normally performed by a judge," Plaintiff has not plausibly alleged any nonjudicial conduct that would overcome judicial immunity. *See Fletcher v. Tymkovich*, 786 F. App'x 826 (10th Cir. 2019).

### 2. Absence of Jurisdiction

Plaintiff also asserts that Defendants acted in the "complete absence of jurisdiction." But this assertion rests on conclusory allegations and incorrect legal conclusions, which the Court need not accept as true. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *EEOC v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1362 (D. Colo. Sept. 25, 2023).

The challenged actions were taken in cases pending in this District, matters squarely within its jurisdiction, and involved functions judges are authorized to perform. Plaintiff's disagreement with those rulings, or his belief that they were legally erroneous, does not deprive the Court or its judges of jurisdiction. *See Stump*, 435 U.S. at 356 ("[A] judge will not be deprived of immunity because the action he took was in error … or was in excess of his authority."). Nor do Plaintiff's allegations that Defendants applied improper standards, failed to adequately consider his filings, or otherwise violated his constitutional rights plausibly establish a complete absence of jurisdiction. *See Wenger*, 2025 WL 2576953, at *6. At most, those allegations reflect disagreement with judicial decisions—matters that must be addressed through the ordinary appellate process, not through a separate civil action.

In sum, Plaintiff fails to allege facts showing that Defendants acted outside their judicial capacity or in the complete absence of jurisdiction. Because the conduct at issue consists entirely of judicial acts taken in cases properly before the Court, Defendants are entitled to absolute judicial immunity. Plaintiff's claims for damages therefore fail as a matter of law, and the undersigned **recommends** that those claims be **dismissed with prejudice** to the extent they do not seek review of prior court rulings. *See Ray v. Quisenberry*, No. CIV-22-823-D, 2023 WL 2447598, at *2–3 (W.D.

Okla. Mar. 10, 2023) (dismissing claims against state judge with prejudice based on judicial immunity), *aff'd*, No. 23-6038, 2023 WL 3634720 (10th Cir. May 25, 2023) (finding no error in decision to dismiss with prejudice claims barred by absolute judicial immunity).

## IV.    Conclusion

For the reasons explained above, the undersigned Magistrate Judge recommends that the District Judge dismiss this action.  To the extent Plaintiff seeks to challenge or obtain relief from rulings entered in his prior federal cases, those claims constitute an improper collateral attack and should be dismissed without prejudice for lack of subject-matter jurisdiction.  Plaintiff's remaining claims are barred by absolute judicial immunity and the undersigned recommends that those claims be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the District Judge dismiss Plaintiff's complaint.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after being served with a copy of these proposed findings and recommendations to file written objections with the District Judge assigned to this case.  Plaintiff's failure to file timely and specific objections will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.  *See Moore v. United States*, 950 F.2d 656, 659–61 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated April 29, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

8