IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY DARNELL CRAYTON,              )
                                   )
            *Plaintiff*,            )
                                   )
v                                   )          Case No.:  26-1104-EFM
                                   )
HOLLY L. TEETER, and                )
GWYNNE E. BIRZER,                   )
                                   )
            *Defendants*.           )
_____ )

## **ORDER**

Plaintiff Larry Darnell Crayton, Trustee, Crayton Administrative Trust, proceeding pro se, filed this "Complaint for Damages under Bivens v. Six Unknown Named Agents" against United States District Judge Holly Teeter and United States Magistrate Judge Gwynne Birzer on April 24, 2026.  The Complaint alleges that it arises from a "pattern of judicial misconduct and constitutional violations that occurred during litigation across four federal cases in this District."

Because Plaintiff filed a Motion for Leave to Proceed in forma pauperis, the court screened the complaint as authorized by 28 U.S.C. § 1915.  That law authorizes the Court to dismiss an in forma pauperis case if, among other reasons, it fails to state a claim upon which relief may be granted.  Magistrate Judge Brooks Severson screened the Complaint and on April 29, 2026 (Doc. 6) issued a Report and Recommendation (R&R) that the case be dismissed.  The R&R first determined that disagreements with rulings entered by a court in prior cases cannot proceed through a separate action but may be challenged only through the appellate process.  Plaintiff's complaint clearly arises from his dissatisfaction with prior rulings.  Moreover, to the extent

Plaintiff's Complaint raised allegations which may be construed as not an improper collateral attack on prior Court rulings, the R&R determined that such claims were barred by absolute judicial immunity. The authority and analysis for these determinations are set forth in the R&R and need not be repeated here.

The United States Magistrate Judge therefore recommended that the District Judge dismiss the claims. Plaintiff was given fourteen days from the date of service of the R&R (because Plaintiff's entry of appearance included his email, he was served on the date of issuance) in which to file with the District Judge any written objections to the recommendations. The R&R clearly noted that "failure to file timely and specific objections will bar appellate review of . . . the recommended disposition."

Fourteen days from April 29, 2026 was May 13, 2026. On May 4, 2026, Plaintiff filed a Motion for Leave to File Objections to the R&R not to exceed twenty-five pages (the local rules would have permitted a filing of no more than fifteen pages). The Court granted that request on the same date but noted that: "No request for an extended time to respond has been made, and none is granted. Objections are still due 14-days after being served with the [R&R]." That Order is the last filing made in this case. No timely Objections were filed by May 13, and none have been filed since.

The Court has reviewed the authorities and analysis set forth in the R&R, and finds them sound and based on long-established law. No reason to reject the R&R and deny dismissal has been shown, and none is apparent. The Court therefore adopts the R&R in full as its own Order and directs that the case should be dismissed.

IT IS THEREFORE ORDERED that the R&R, Doc. 6. is adopted, and the case is ordered dismissed.

IT IS SO ORDERED.

Dated this 21st day of May, 2026.

ERIC F. MELGREN
SENIOR DISTRICT COURT JUDGE